## NOBLE *v.* MITCHELL.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 101. Submitted October 29, 1896. — Decided November 30, 1896.

The construction by the Supreme Court of Alabama of §§ 1205, 1206 and 1207 of the code of that State, regulating the subject of fire and marine insurance within the State by companies not incorporated therein, is, under the circumstances presented by this case, binding on this court.

The decision below upon the question whether there was adequate proof
that the policy in controversy in this case was issued by a foreign cor-
poration is not subject to review here on writ of error.

THE case is stated in the opinion.

*Mr. John M. Chilton* and *Mr. A. A. Wiley* for plaintiffs in
error.

*Mr. Charles Wilkinson* for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

Article II of Chapter V, Title 12, of the Code of Alabama,
regulates the subject of fire and marine insurance within the
State by companies not incorporated therein. It is required
by section 1199 that such companies shall pay annually into
the treasury the sum of one hundred dollars. Section 1200
directs that each of such corporations must file with the state
auditor a certified copy of its charter and a statement setting
forth certain items in relation to its business condition on the
31st day of December next preceding; and, by section 1201,
such corporations are required to possess a cash capital of at
least one hundred and fifty thousand dollars, and are obliged
to file a written instrument consenting to service of process
upon any agent of such company within the State. Upon
compliance with all the requirements of the article, the audi-
tor, if satisfied that the affairs of such company are in sound
condition, is required to issue to it a license to transact the
business of insurance within the State until the 15th day of
January next ensuing.

Sections 1205, 1206 and 1207 of the same article read as
follows :

"SEC. 1205. Any person who solicits insurance on behalf
of an insurance company, not incorporated by the laws of this
State, or who, other than for himself, takes or transmits an
application for insurance, a premium of insurance or a policy
of insurance to or from such company, or in any way gives
notice that he will receive or transmit the same, or receives or
delivers a policy of insurance of such company, or who in-

spects any risk, or makes or forwards a diagram of any building, or does any other thing in the making of a contract of insurance, for or with such company, other than for himself, or examines into, adjusts or aids in examining into or adjusting any loss for such company, whether such acts are done at the instance of such company, or any broker, or other person, shall be held to be the agent of the company for which the act is done, and such company held to be doing business in this State.

"Sec. 1206. Any person acting as agent of any foreign insurance company which has not received the license from the auditor above provided for, or shall so act after its expiration, is liable personally to the holder of any policy of insurance in respect to which he so acted as agent for any loss covered by it; and shall forfeit, for each offence, the sum of five hundred dollars, to be sued for in the Circuit Court where the delinquency occurs, by the solicitor, in the name of the State and paid into the state treasury, less twenty-five per cent retained by the solicitor for his services.

"Sec. 1207. The term 'insurance company,' as used in this article, includes every company, corporation, association or partnership organized for the purpose of transacting the business of insurance."

The action below was originally instituted in a Circuit Court of Alabama by Mitchell, a citizen of Alabama, to recover from the defendants, a firm of insurance agents, doing business in the city of Montgomery, the amount of a loss under a policy of insurance covering a stock of merchandise owned by the plaintiff, which policy was procured by the defendants from a corporation known as the Fairmount Insurance Association of Philadelphia, Pennsylvania. The corporation in question was not incorporated under the laws of Alabama, and at the time of the issue of the policy had not been licensed to do an insurance business within that State. From a verdict and judgment against them the defendants prosecuted error. The Supreme Court of the State affirmed the judgment. 100 Alabama, 519.

The highest court of the State having affirmed the validity

of the state statute and enforced its provisions against the plaintiff in error, despite his objection duly made that such statute was repugnant to the Constitution of the United States, a writ of error was allowed, and the cause is here for review.

In *Hooper* v. *California*, 155 U. S. 648, this court held that a statute of the State of California which made it a misdemeanor for a person, in that State, to procure insurance for a resident in the State from an insurance company not incorporated under its laws, and which company had not filed the bond required by the laws of the State, was not a regulation of commerce, and did not conflict with the Constitution of the United States. The doctrine of earlier decisions of this court with reference to contracts of insurance, namely, that the business of insurance is not commerce, and that a contract of insurance is not, in the constitutional sense of the words, an instrumentality of commerce, was reiterated and held applicable to a marine policy. This court said (p. 655):

"The State of California has the power to exclude foreign insurance companies altogether from her territory, whether they were formed for the purpose of doing a fire or a marine business. She has the power, if she allows any such companies to enter her confines, to determine the conditions on which the entry shall be made. And, as a necessary consequence of her possession of these powers, she has the right to enforce any conditions imposed by her laws as preliminary to the transaction of business within her confines by a foreign corporation, whether the business is to be carried on through officers or through ordinary agents of the company, and she has also the further right to prohibit a citizen from contracting within her jurisdiction with any foreign company which has not acquired the privilege of engaging in business therein, either in his own behalf or through an agent empowered to that end. The power to exclude embraces the power to regulate, to enact and enforce all legislation in regard to things done within the territory of the State which may be directly or incidentally requisite in order to render the enforcement of the conceded power efficacious to the fullest extent, subject

always, of course, to the paramount authority of the Constitution of the United States."

It inevitably results from this ruling that the State of Alabama, in virtue of the power possessed by it of excluding foreign fire insurance corporations from its jurisdiction, could lawfully punish or regulate, by the imposition of civil liability, or otherwise, the doing of acts within the territory of the State calculated to neutralize and make ineffective the statute which prescribed conditions upon which alone the right existed in a foreign insurance corporation to do business within the State.

It is conceded that in so far as the Alabama law forbids foreign insurance corporations from doing business within the State in violation of the state law, such law does not conflict with the Constitution of the United States; but the claim is made that since the statute not only regulates foreign corporations, but declares that the term "insurance company" embraces every company, corporation, association or partnership organized for the purpose of transacting an insurance business, therefore it violates section 2, article IV, of the Constitution, guaranteeing that "the Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

The fact that foreign corporations are not "citizens," within the meaning of the Constitution, it is said was the reason of the ruling in *Hooper* v. *California*, hence that case does not apply to a state law which includes within its inhibitions those who are citizens. We need not, however, express any opinion as to the correctness of this asserted distinction, since, even if it be well founded, it has no relevancy to the question before us. The action below was predicated upon the fact that the business of insurance alleged on had been done by a foreign corporation. The Supreme Court of Alabama in interpreting the statute held that the provision as to foreign corporations was distinct and separable from those concerning associations or partnerships. It said:

"It is contended, however, by section 1207 of the code, *supra*, these provisions of the law are made to include 'associations'

and 'partnerships' as well as 'corporations' and in this respect discriminates against citizens of another State who may compose such 'partnerships,' and in this respect is violative of the constitutional provision which declares that 'the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States.' We construe section 1207 as amendatory of the sections to which it refers, so as to substitute the words 'corporation, association or partnership' for the words 'insurance company.' Thus construed, section 1205, *supra*, would read as follows: 'Any person who solicits insurance on behalf of a corporation, association or partnership not incorporated by the laws of this State,' etc., and section 1206, *supra*, would read: 'Any person acting as agent of any foreign corporation, association or partnership which has,' etc.

"By holding that section 1207 is amendatory of the other sections referred to in the manner declared, sections 1205 and 1206 are separable in their provisions, and, so far as they are made to apply to and are enforced against 'foreign corporations,' they do not contravene any provision of the state constitution or the Constitution of the United States. 8 Wall. *supra*; *Baldwin* v. *Franks*, 120 U. S. 678; *S. & N. R. R. Co.* v. *Morris*, 65 Alabama, 193; *McCreary* v. *The State*, 73 Alabama, 480; *Powell* v. *The State*, 69 Alabama, 10; *Vines* v. *The State*, 67 Alabama, 73. The construction of the statute is one of difficulty, and the one given to it is not altogether satisfactory, but we are of opinion the language used in section 1207, considered in connection with other sections to which it refers, admits of the interpretation given to it, and when the statute is attacked upon constitutional grounds it is our duty to avoid such a construction, if it can be done consistently, as will defeat the entire legislation of the State upon questions embraced in these statutes relating to insurance companies."

This construction of the Alabama statute, although made by the Supreme Court of that State, it is urged is erroneous, and we are invited to disregard it; but manifestly the interpretation of a statute of the State of Alabama by the Supreme Court thereof under the circumstances here presented is binding on us. *Dibble* v. *Bellingham Bay Land Co.*, 163

U. S. 63, 73; *Union Bank* v. *Louisville, New Albany &c. Railway*, 163 U. S. 325, 331.

Reading, then, into the Alabama statute the construction given thereto by the court of last resort of that State, the argument of the plaintiff in error amounts to this, that, although it is admitted that the law of the State of Alabama regulating the doing of insurance business by foreign corporations is not in conflict with the Constitution of the United States, nevertheless we should hold that it does violate that Constitution, because of another and separate law of Alabama, which it is asserted would be unconstitutional if it were before us for consideration. Of course, to state this proposition is to answer it.

It is suggested that there is no adequate proof that the policy in controversy was issued by a foreign corporation. This involves a mere question of fact, which was submitted to the jury by the trial court, and as to which the Supreme Court of Alabama said there was evidence sufficient for the consideration of the jury, and which is not subject to review here on writ of error. *Dower* v. *Richards*, 151 U. S. 658; *In re Buchanan*, 158 U. S. 31.

*Affirmed.*

MR. JUSTICE HARLAN dissented.