W. H. Cook *v.* Fred A. Howland and John L. Bacon,
Insurance Commissioners.

May Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Start, Watson, Stafford and
Haselton, JJ.

Opinion filed August 21, 1902.

*Non-resident insurance agents—License of—Statutory re-
quirements—Constitutionality of.*

A non-resident is not entitled to a license to transact insurance busi-
ness in this state as the agent of a foreign insurance company;
and a refusal of such license does not deprive him of any rights
guaranteed by the Federal Constitution.

Petition for Mandamus. Heard on petition, stipula-
tion, and facts conceded, at the May Term, 1902.

*Hamilton S. Peck* for the petitioner.

V. S. 4182, under which commissioners refused this ap-
plication, provides that a foreign insurance company, upon
compliance with the statutory requirements, shall be author-
ized to do business in this state by resident agents only. The
defendants concede that these requirements have been complied
with, so the only question presented is whether this statute is
constitutional.

Sec. 2, Art. 4, of the Federal Constitution provides that
the citizens of each state shall be entitled to all the privileges
and immunities of those of the several states.

Sec. 1, Art. 14, of the amended Constitution provides that
persons born or naturalized, etc., are citizens of the United
States and of the state wherein they reside; and that no state
shall make or enforce a law which shall abridge the privileges
of a citizen of the United States.

The statute relied upon by the commissioners is in conflict with these provisions.   *Corfield* v. *Coryell,* 4 Wash. C. C. 371 ; *Ward* v. *Maryland,* 12 Wall. 430; Slaughter House cases, 16 *Id.* 97; *Angove* v. *State,* 9 Ohio, S. & C. P. Dec. 829; *Noell* v. *People,* 187 Ill. 587; *Yickwo* v. *Hopkins,* 118 U. S. 356.

This statute denies to non-residents the privileges granted to residents.   The reasoning of *State* v. *Pratt,* 59 Vt. 590, *State* v. *Hoyt,* 71 Vt. 59, and *State* v. *Cadigan,* 73 Vt. 245, is applicable.

*Dillingham, Huse & Howland* for the respondents.

A non-resident corporation can only do business in Vermont on such conditions as the statute prescribes.   One state can impose any regulation it chooses upon the admission to its territory of a corporation of another state, even to the extent of excluding it altogether.   The status of a corporation in this regard is altogether different from that of an individual. Thomp. on Corp. ss. 7876, 7877, 7884, 7887, 7898.

It has been repeatedly held that the special privileges secured to individuals by Sec. 2, Art. 4, and Sec. 1, Art. 14 of the Constitution of the United States were not applicable to corporations, nor to individuals attempting to make use in another state of corporate powers granted by their home state.   *Paul* v. *Virginia,* 8 Wall. 168; *Mining & Milling Co.* v. *Pennsylvania,* 125 U. S. 181.

*State* v. *Hoyt,* 60 Vt. 59, and *State* v. *Cadigan,* 73 Vt. 245, are not in point, as corporate rights were not involved.

The petitioner's only standing in court is as the designated agent of a foreign company urging the court to eliminate for the benefit of the company, and for his benefit as its agent (and not otherwise), the statutory provision requiring as a condition of the company doing business, the use of resident solicitors.   The company can only enter the state through its instru-

ments, its employees; and conditions respecting its admission must be made effective against its agents, if operative, in many particulars, at all. The right of the state to control the business of insurance within its borders goes even farther than the right to control foreign insurance *corporations.* *Nutting* v. *Massachusetts,* 183 U. S.; *Hooper* v. *California,* 155 U. S. 648; *Allgeyer* v. *Louisiana,* 165 U. S. 578.

WATSON, J.    Vermont Statutes provides, Sec. 4181, "A foreign insurance company shall not transact insurance business in this state, unless it first obtains license of the insurance commissioners, authorizing the company so to do.    Before receiving such license, the company shall file with the secretary of state a certified copy of its charter and by-laws, and a statement under oath, of its president and secretary, showing its financial condition and standing, in accordance with blanks furnished by him."    Sec. 4182, "If the commissioners are satisfied with such copies and statements and that the company has complied with the provisions of this title, they shall grant a license authorizing it to do insurance business by lawfully constituted and licensed resident agents only."    Sec. 4193, "No person shall act as agent of a foreign insurance company, until he has filed with the secretary of state a certificate from the company or its general agent, authorizing him to act as such agent, and obtains a license from the commissioners.    Upon filing the certificate, the commissioners shall issue a license to such person to act as an insurance agent in this state; provided, the company for which such person acts is authorized to do insurance business in this state."

The United States Life Insurance Company is an insurance corporation of the state of New York, and the petitioner is one of its duly authorized agents to transact such business in that state.    The company has complied with the provisions of section 4181, and it has been licensed by the insurance com-

missioners to carry on its business in this state by lawfully constituted and licensed resident agents only, subject to the laws of the state, from the first day of April, 1902, to the first day of April, 1903; and it has been and now is transacting business under said license. The company constituted the petitioner, a resident and citizen of the state of New York, one of its agents, and requested the commissioners to issue a license to him authorizing him under the laws of this state, as agent for the company, and in its name and behalf, here to transact business of life insurance, so far as he may be authorized by the company; and the petitioner in his own behalf made a like request of the commissioners. The commissioners refused, and still refuse, thus to license the petitioner for the reason that he is not a resident of this state.

The petitioner alleges and contends that so much of section 4182 as provides that a license issued to a foreign insurance corporation shall limit it in doing business to "lawfully constituted and licensed resident agents," is void, in that it invades the rights and privileges guaranteed in section 2 of article 4 of the Federal Constitution, and in section 1 of the Fourteenth Amendment, by which the citizens of each state are entitled to all privileges and immunities of citizens of the several states.

A corporation has legal existence only in the state of its creation. It may be permitted to do business in another sovereignty or it may be entirely excluded therefrom. The question whether such permission shall be given rests wholly with the state which the corporation seeks to enter for that purpose; and if permission is granted it may be under such conditions and regulations as the state shall impose, providing matters of a federal nature are not affected thereby, without invading the rights and privileges guaranteed by the provisions of the constitution above referred to; for it is settled beyond

question that a corporation is not a citizen within the meaning thereof.    *Paul* v. *Virginia,* 8 Wall. 168, 19 L. Ed. 357; *Hooper* v. *California,* 155 U. S. 648, 39 L. Ed. 297; *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28, 44 L. Ed. 657.

But it is urged by the petitioner that the United States Life Insurance Company has received its license to do business in this jurisdiction; that the petitioner is seeking relief in his personal capacity alone; and that a refusal to grant him a license as requested because he is not a resident of this state, when the law provides for issuing such license to a resident, is an abridgment of his rights and privileges as a citizen of one of the states within the inhibition of the constitution.

As has already been seen, the condition whereby the corporation is licensed to conduct business by resident agents only, is valid and binding on the company in its corporate entity. It cannot be less so as to the agents of the company.    *People* v. *Formosa,* 131 N. Y. 478, 30 N. E. 492, 27 Am. St. Rep. 612.

To license an agent who is a resident of another state to conduct the business of a foreign insurance corporation in this state would be to give him a right to manage the business of his agency in a way prohibited to his principal,—a position incompatible with the governing principles of the law of agency.

Such a license to a non-resident agent would render ineffective the condition in the license to the company requiring it to do its business by resident agents.

In *Hooper* v. *California,* before cited, the plaintiff in error was adjudged guilty in the state court of the misdemeanor of procuring for a resident of the state of California insurance from a foreign company which had not complied with the laws of that state.    It was contended that the penal code of the state in this behalf was an infringement upon the interstate commerce clause of the Federal Constitution, and in violation of

the Fourteenth Amendment within the meaning of the clause prohibiting states from making or enforcing any law which shall abridge the privileges or immunities of citizens of the United States.    The court, speaking through Mr. Justice White, said: "She (the state) has the power, if she allows any such companies to enter her confines, to determine the conditions on which the entry shall be made.    And as a necessary consequence of her possession of these powers, she has the right to enforce any conditions imposed by her laws as preliminary to the transaction of business within her confines by a foreign corporation, whether the business is to be carried on through officers or through ordinary agents of the company; and she has also the further right to prohibit a citizen from contracting within her jurisdiction with any foreign company which has not acquired the privilege of engaging in business therein, either in its own behalf or through an agent empowered to that end.    The power to exclude embraces the power to regulate, to enact and enforce all legislation in regard to things done within the territory of the state which may be directly or incidentally requisite in order to render the enforcement of the conceded power efficacious to the fullest extent, subject always, of course, to the paramount authority of the Constitution of the United States."    And in *Noble* v. *Mitchell,* 164 U. S. 367, 41 L. Ed. 472, a case on writ of error to the Supreme Court of Alabama, the action was to recover of the plaintiffs in error, a firm of insurance agents in that state, the amount of a loss under a policy of insurance procured by them from a foreign insurance corporation not licensed to do business within the state.    By the laws of that state any person acting as agent for a foreign insurance company which has not received a license permitting it to transact such business therein, is liable personally to any holder of a policy so procured for any loss covered by it.    The court, again speaking

through Mr. Justice White, after referring to the case of *Hooper* v. *California* as showing the power of a state to determine and enforce the conditions on which such a company may be permitted to come within its territory to transact the business of insurance, said: "It inevitably results from this ruling that the state of Alabama, in virtue of the power possessed by it of excluding foreign fire insurance corporations from its jurisdiction, could lawfully punish or regulate, by the imposition of civil liability, or otherwise, the doing of acts within the territory of the state calculated to neutralize and make ineffective the statute which prescribes conditions upon which alone the right existed in a foreign insurance corporation to do business within the state."

Since a state has the right thus to punish or regulate the doing of acts contrary to the force of the conditions imposed, it must follow, logically, that it may refuse to license all such agents to transact business in the state for such corporation, as are not within the purview of the conditions, without depriving them of any rights under the constitutional provisions named.

*Petition dismissed with costs.*