ADAMS v. THOMAS, Insurance Com'r of Kentucky.

(District Court, E. D. Kentucky. April 21, 1917.)

No. 3087.

CONSTITUTIONAL LAW ⬙207(2)—PRIVILEGES OR IMMUNITIES—STATUTE REGULATING INSURANCE AGENTS.

Acts Ky. 1916, c. 19, §§ 14, 16, which prohibit a licensee to act as agent in the state for any stock fire insurance company doing business therein of any person who is not a bona fide resident of the commonwealth, as applied to agents for foreign companies, in effect impose a condition on such companies for the privilege of doing business in the state, and are within the powers of the state, and not in violation of the federal Constitution, as abridging the privileges or immunities of citizens of the United States or of the several states.

In Equity. Suit by Ben A. Adams against C. F. Thomas, as Insurance Commissioner of the Commonwealth of Kentucky. On motion for preliminary injunction. Denied.

S. D. Rouse, of Covington, Ky., for complainant.

H. H. Huffaker, of Louisville, Ky., and M. M. Logan, Atty. Gen., of Frankfort, Ky., for defendant.

Before WARRINGTON, Circuit Judge, and COCHRAN and HOLLISTER, District Judges.

PER CURIAM. This is a three-judge case, and is before us on a motion for an interlocutory injunction. The injunction which plain-

tiff seeks is against the enforcement as to him of sections 14 and 16 of chapter 19 of the Acts of the General Assembly of Kentucky, passed at its 1916 session. He is a citizen of Ohio, and resides in Hamilton county therein. His business is that of an insurance agent. As such he represents in this state divers stock fire insurance companies doing business therein, and to this end maintains an office in Covington. By those provisions of that act the defendant is prohibited from issuing or renewing a license to act as agent in this state for any stock fire insurance company doing business therein to any person who is not a "bona fide resident of this commonwealth." At the time this suit was brought plaintiff had a license to act as agent aforesaid, duly issued by the defendant before the enactment of that statute, which was about to expire, and which because thereof the defendant would not renew. The plaintiff bases his right to the relief sought on the position that those provisions are invalid, as in violation of section 2, subsection 1, of article 4 of the federal Constitution and of section 1 of article 14 of the Amendments, in that they abridge his privileges and immunities as a citizen of the United States and deny him a privilege and immunity of a citizen of this state.

The question which we have here was directly involved in the case of Cook v. Howland, 74 Vt. 393, 52 Atl. 973, 59 L. R. A. 338, 93 Am. St. Rep. 912, and it was decided adversely to plaintiff's contention. By the statutes of Vermont it is provided that a foreign insurance company shall not transact business in that state unless it first obtains license of the insurance commissioners authorizing the company so to do, and that the license shall authorize it "to do insurance business by lawfully constituted and licensed resident agents only." P. S. Vt. 4764. They further provide that no person shall act as agent of a foreign insurance company until he has filed with the secretary of the state a certificate from the company or its general agent, authorizing him to act as such agent, and obtained a license from the commissioners, and that upon the filing of the certificate the commissioners shall issue a license to such person to act as an insurance agent in the state, provided the company for which he is acting is authorized to do insurance business therein. The application for the license provided for is by the agent, and not by the company. A New York life insurance company had been duly licensed to carry on its business in Vermont by lawfully constituted and resident agents only, and was transacting business under the license. It constituted the petitioner, who was a resident and citizen of New York, one of its agents, and requested the commissioners to issue a license to him authorizing him to act for it in the state, and he made a like request on his own behalf. This the commissioners refused to do, and he thereupon petitioned for a writ of mandamus to compel them to grant him a license, which was denied him. The reasoning upon which the conclusion reached was based was that the state had the power absolutely to exclude foreign insurance corporations from doing business therein, and, having such power, it necessarily followed that it had the power to grant them only a qualified right to do business therein; i. e., through "resident agents only." Such an exclusion or quali-

fied admission was not in violation of the provisions of the federal Constitution relied on herein, so far as the foreign corporations were concerned, because they were not citizens. The court, through Judge Watson, said:

"A corporation has legal existence only in the state of its creation. It may be permitted to do business in another sovereignty, or it may be entirely excluded therefrom. The question whether such permission shall be given rests wholly with the state which the corporation seeks to enter for that purpose; and if permission is granted it may be under such conditions and regulations as the state shall impose, providing matters of a federal nature are not affected thereby, without invading the rights and privileges guaranteed by the provisions of the Constitution above referred to, for it is settled beyond question that a corporation is not a citizen within the meaning thereof."

As illustrations of what followed from the power to exclude in the case of insurance corporations, the decisions of the Supreme Court of the United States in the cases of Hooper v. California, 155 U. S. 648, 15 Sup. Ct. 207, 39 L. Ed. 297, and Noble v. Mitchell, 164 U. S. 367, 17 Sup. Ct. 110, 41 L. Ed. 472, were cited.

An illustration of the qualification on the power of exclusion of foreign corporations, where matters of a federal nature are affected, referred to by Judge Watson, may be found in the case of Western Union Telegraph Co. v. Kansas, 216 U. S. 1, 30 Sup. Ct. 190, 54 L. Ed. 355, where it was held that the rule that a state may exclude foreign corporations from its limits, or impose such terms and conditions on their doing business therein as it deems consistent with its public policy, does not apply to foreign corporations engaged in interstate commerce. That insurance is not commerce, and hence the power of exclusion as to insurance corporations is absolute, is recognized in the late cases of New York Life Ins. Co. v. Deer Lodge Co., 231 U. S. 495, 502, 505, 34 Sup. Ct. 167, 58 L. Ed. 332, and Thames & Mersey M. Ins. Co. v. U. S., 237 U. S. 19, 25, 35 Sup. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087. Viewing the question from the standpoint of the agent, the petitioner in Cook v. Howland, supra, the court said (74 Vt. at 397, 52 Atl. at 974 [59 L. R. A. 338, 93 Am. St. Rep. 912]):

"But it is urged by the petitioner that the United States Life Insurance Company has received its license to do business in this jurisdiction, that the petitioner is seeking relief in his personal capacity alone, and that a refusal to grant him a license, as requested, because he is not a resident of this state, when the law provides for issuing such license to a resident, is an abridgment of his rights and privileges as a citizen of one of the states within the inhibitions of the Constitution. As has already been seen, the condition whereby the corporation is licensed to conduct business by resident agents only is valid and binding on the company in its corporate entity. It cannot be less so as to the agents of the company. People v. Farmosa, 131 N. Y. 478 [30 N. E. 492, 27 Am. St. Rep. 612]. To license an agent who is a resident of another state to conduct the business of a foreign insurance corporation in this state would be to give him a right to manage the business of his agency in a way prohibited to his principal—a position incompatible with the governing principles of the law of agency. Such a license to a nonresident agent would render ineffective the condition in the license to the company requiring it to do its business by resident agents."

And after quoting from the opinion in Noble v. Mitchell, supra, it said (74 Vt. 399, 52 Atl. 974 [59 L. R. A. 338, 93 Am. St. Rep. 912]):

"Since a state has the right thus to punish or regulate the doing of acts contrary to the force of the conditions imposed, it must follow, logically, that it may refuse to license all such agents to transact business in the state for such corporation as are not within the purview of the conditions, without depriving them of any rights under the constitutional provisions named."

The decision thus made, and the reasoning upon which it is based, seems to us to be sound, and we cannot but concur in it. The legislation in this state, in some details, differs from that in Vermont; but there is nothing in such difference to lead to a different conclusion. Here the application for the license to the agent is made by the corporation, and not by the agent. The prohibition is not limited to agents of foreign corporations, but takes in those of domestic as well, but is limited to stock fire insurance companies. Possibly it is limited to agents of foreign stock fire insurance companies, on the ground that licenses are required of such agents only. It is not entirely clear that licenses are required for agents of domestic insurance companies of any kind. Sections 633, 634, and 694, Kentucky Statutes, make express mention of licenses to agents of foreign companies only; but we think it is to be gathered from the concluding clause of section 633 and from section 761 that agents of domestic companies must also have licenses. Possibly in effect the prohibition is so limited on the ground that there are only foreign stock fire insurance companies doing business in the state. We gathered from the argument that plaintiff represents such companies only. But, however this may be, assuming that the prohibition applies to agents of domestic stock fire insurance companies as well as to those of foreign companies, inasmuch as domestic corporations are creatures of the state, the right to make such a prohibition as to their agents is as unquestioned as to agents of foreign companies. Construing sections 14 and 16 of the 1916 act, together with the provisions of the Kentucky Statutes relating to insurance corporations, it must be held that the admission thereby provided for of foreign stock fire insurance companies to do business in this state is a qualified one, the same as is provided by the Vermont statutes as to all foreign insurance corporations; i. e., through bona fide residents of the commonwealth only. Having the right to exclude the companies which the plaintiff represents absolutely from the state, the Legislature had the power to provide for their admission to do business in the state through bona fide resident agents only; this, as put in argument by defendant's counsel, on the principle that the greater includes the less. If plaintiff is unable further to represent his companies in the state, it arises indirectly only; i. e., because the Legislature of the state, as it had a right to do, has provided that they can only do business in the state through bona fide resident agents.

The insurance cases of State ex rel. Hoadley v. Board of Insurance Com'rs, 37 Fla. 564, 20 South. 772, 33 L. R. A. 288, and Barnes v. People, 168 Ill. 425, 48 N. E. 91, relied on by plaintiff, are not in

point. They dealt with legislation imposing upon individuals of other states burdens as to doing insurance business on their own account in the state, not imposed upon the citizens of the state. Such individuals were so burdened, not because the legislation in question curtailed the privileges of foreign insurance corporations doing business in the state, and therefore indirectly affected them, but because it curtailed their privileges only, and that directly.

We are constrained, therefore, to deny the motion.