## FIREMEN'S INSURANCE CO. *vs.* CRANDALL.

| 33 | 9 |
|----|----|
| 124 | 692 |

[ACTION ON POLICY OF INSURANCE AGAINST FIRE.]

1. *Waiver of preliminary proof of loss.*—If the insurers, in case of a loss covered by the policy, intend to contest their liability on account of defects in the preliminary proof, it is their duty to put their refusal to pay on that ground, or to inform the assured that they consider such proof defective ; and if they fail to do so, their silence is an implied waiver of such defects. (STONE, J., *dissenting*, held that, under the proof in this case, the court was not authorized to assume, as matter of law, that the answer of the insurers was a refusal to pay in any event.)

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought by Lyman S. Crandall, against the appellant, to recover the value of certain drugs, medicines, &c., which were destroyed by fire while covered by a policy of insurance effected with the appellant.

Among the conditions annexed to the policy was the following : "Persons sustaining loss or damage by fire, shall forthwith give notice thereof, in writing, to the company, and, as soon after as possible, shall deliver an

account of their loss and damage, at the cash value, with all the particulars as fully detailed as the nature of the case will admit, signed with their own hands; and they shall accompany the same with their oath, or affirmation, declaring the said account to be true and just; showing, also, whether any and what other insurances have been made on the same property, what was the whole value of the subject insured, in what general manner (as to trade, manufactory, merchandise or otherwise) the building insured, or containing the subject insured, and the several parts thereof, were occupied at the time of the loss, and who were the occupants of such building, and when and how the fire originated, so far as they know or believe. They shall also produce a certificate, under the hand and seal of a magistrate or notary-public, most contiguous to the place of the fire, and not concerned in the loss, stating that he has examined the circumstances attending the fire, loss or damage alleged; and that he is acquainted with the character and circumstances of the insured or claimant; and that he verily believes that he, she or they have, by misfortune, and without fraud or evil practice, sustained loss and damage on the subject insured, to the amount which the magistrate or notary-public shall certify; and, whenever required in writing, the insured, or person claiming, shall produce and exhibit his books of account, and other vouchers, to the insurers or their agents, in support of his claim, and permit extracts and copies thereof to be made, and also exhibit to any person named by the company, and permit to be examined by them, any property damaged on which loss shall be claimed; and until such proofs, declarations and certificates, exhibitions and examinations of such damaged property, are produced and permitted by the claimant, when required as above, the loss shall not be payable. All fraud or false swearing shall cause a forfeiture of all claim on the insurers, and shall be a bar to all remedies against them on the policy."

The material facts disclosed on the trial, as shown by the bill of exceptions, are these: The fire occurred on the night of the 3d April, 1855. A few days afterwards, the

plaintiff's attorney called on the secretary of the insurance company, informed him of the plaintiff's loss, and inquired whether the company would require a compliance with all the conditions of the policy; to which inquiry the secretary answered, as he testified on the trial, "Yes, to the very letter." The plaintiff, "some days or more after the fire," applied to Wm. Brooks, an acting justice of the peace in the city of Mobile, to make an examination of the circumstances attending the fire, and to give him a certificate as required by the conditions annexed to the policy; but Brooks, after making the examination, declined to give such certificate. The plaintiff's attorney afterwards submitted to the secretary of the insurance company the plaintiff's own affidavit of his loss, his books of account, and a receipt of one A. J. Bates, of New York, acknowledging the payment by the plaintiff of $3,000 for drugs and medicines bought of said Bates. On or about the 4th June, 1855, the plaintiff's attorney called on the president of the insurance company, "and asked him whether they would pay Crandall's claim; to which the president answered, 'No, we will not pay it.'"

"To show a compliance with the preliminary proof before the company, the plaintiff read to the jury the said affidavit made by himself, and offered to read to the jury the said receipt of A. J. Bates. The defendant's counsel objected to said paper as evidence for any other purpose than as preliminary proof, and because it was an *ex-parte* statement before the notary-public, not taken or verified in any way as the law requires; but the defendant's objection was overruled by the court, and said paper was read to the jury as independent evidence, as a receipt only for so much money; to which the defendant excepted."

The plaintiff then tendered to the president of the insurance company, in open court, the certificate of Sidney T. Douglass, a notary-public in the city of Mobile, bearing date in November, 1856; and, on the refusal of said president to receive it, "offered the same in evidence as a part of the preliminary proof." The defendant objected to this certificate, "because it had never been offered before the time of the trial, and because it was not a com-

pliance with the law and the requirements of the policy;"
but the objections were overruled, and the certificate was
allowed to go to the jury; to which also the defendant
excepted.

The court charged the jury, in writing, as follows:

"The plaintiff claims the amount of damage which, as
he alleges, he has sustained by reason of a fire which
occurred in his store on or about the 4th April, 1855,
damaging or destroying the goods and fixtures therein,
which were insured by the defendant. The insurance is
not denied, nor is the fire denied; but it is insisted, 1st,
that the provisions of the 9th condition in the schedule
attached to the policy have not been complied with; 2d,
that there was fraud or false swearing by the plaintiff;
3d, that the fire was the willful act of the plaintiff; and,
4th, that if there is any claim on the insurers, it is but
nominal—of no amount. You will see by reference to
the 9th clause of the policy, which is before you, what are
the conditions. It is objected, that these conditions have
not been complied with, in this: that the plaintiff failed
to furnish to the defendants the certificate of the magis-
trate or notary. The plaintiff has furnished this at the
trial; and he insists, that the conduct of the defendants
was a waiver of the necessity to produce it before—that
the declaration made by the president dispensed with it.
The law in reference to this is, if the defendants meant to
insist on the defects in the preliminary proofs, they should
have apprised the plaintiff that they considered them
defective in that particular, or put their refusal to pay on
that ground; and if they failed to do so, their silence
should be held as a waiver of such defects, so that the
same shall be considered as having been fully made. If
you believe that there was no waiver, and that the certifi-
cate was not furnished within a reasonable time, the
defendants are entitled to a verdict." (The residue of the
charge relates to the questions of fraud and false swearing,
which have no connection with the points here presented
and decided.)

The defendant excepted to this charge, "in so far as it
relates to the question of waiver," and then requested the

court to instruct the jury as follows: "That if they believed from the evidence that the plaintiff's attorney, a day or two after the fire, called at the office of the company, and inquired of the secretary whether the company would require a compliance with all the conditions of his policy, and was answered by the secretary that they would require it to the letter; and that the plaintiff afterwards furnished to the company his own affidavit of the loss, and his book of accounts of goods sold by him, but no certificate of a notary-public, magistrate, or justice of the peace; and that afterwards, to-wit, about the 4th June, the plaintiff's attorney called on the president of the company, and asked him whether the company would pay the plaintiff's claim; and that the president answered, 'No, we will not pay it,'—such answer of the president, in connection with the facts named, does not amount to a waiver of the certificate of the magistrate or notary." The court refused to give this charge, and the defendant excepted.

The charge given by the court, the refusal of the charge asked, and the rulings on the evidence, are the matters now assigned as error.

WILLIAM BOYLES, with whom were CHANDLER & HERNDON, for the appellant, made these points:

1. The rulings of the court on the doctrine of waiver were erroneous. The foundation of the doctrine of waiver is, that the silence of the insurers, or their failure to raise an objection on account of defects in the preliminary proof, tends to mislead the assured, and lulls him into a false security; and no case has been found, in which the doctrine was applied after notice that full proof would be required. Here, the plaintiff's attorney was distinctly informed that the company would require a full compliance with the conditions, and, consequently, could not have been misled by the president's subsequent refusal to pay, after the plaintiff had made an ineffectual attempt to comply with those conditions.—Charleston Ins. Co. v. R——, 2 McMullan, 237; Welcome v. Mutual Ins. Co., 2 Gray, 480; Schenck v. Mer. Mutual Fire Ins. Co.

4 Zabr. 447; McMaster v. Western Mutual Insurance Co., 25 Wendell, 382; St. Louis Ins. Co. v. Kyle, 11 Mo. 287; Columbian Ins. Co. v. Lawrence, 2 Peters; 1 Green's R. 11; 9 Howard, 390. The fact that the plaintiff made an ineffectual attempt to obtain the certificate of the nearest magistrate, conclusively shows that he could not have been misled or injured by the answer of the president. Edwards v. Baltimore Fire Ins. Co., 3 Gill, 186; Norman v. Hartford Fire Ins. Co., 21 Mo. 81. The question of waiver, in cases to which the doctrine is applicable, is one of fact and intention, and is for the determination of the jury under all the circumstances; and the court was not authorized to declare, as matter of law, that the president's reply was a waiver of the certificate.—Phillips v. Protection Ins. Co., 14 Mo. 234; Kyle v. St. Louis Ins. Co., 11 Mo. 291; 21 Mo. 89; 1 Har. (Pa.) 247; 3 Gill, 176; Angell on Insurance, 260, § 233; 6 Harr. & John. 408; 9 Howard, 390. A waiver could not have been implied from any act or declaration of the president, without affirmative proof on the part of the plaintiff that the president had power to dispense with the preliminary proof.—7 Cowen, 464; 2 Johns. 114.

2. The receipt of Bates, if competent evidence for any purpose against the defendant's objection, was certainly not admissible "as independent evidence."—3 Binney, 326; 7 Durn. & E. 158; 9 Penn. St. (Barr's) R. 395; 9 Barb. 191; 3 Har. & John. 71; 1 Wash. C. C. 149; 2 Phil. Ins. § 2090.

3. The certificate of Douglass was obnoxious to the objections urged against it, and ought not to have been allowed to go before the jury.—13 Maine, 265; 7 Cowen, 462; 2 Peters, 25; 10 Peters, 513; 3 Term R. 347.

F. S. BLOUNT, and A. J. REQUIER, contra.—1. The receipt of Bates was admitted by the court only as a receipt for so much money. It was attested by a notarial seal, of which the court was bound to take judicial notice: 1 Greenl. Ev. § 5; Wright v. Barnard, 2 Esp. 700; 5 Cranch, 335; 3 Wendell, 173; Kirksey v. Bates, 7 Por. 532; 1 J. J. Mar. 447.

2. The certificate of Douglass was competent evidence to show that, if the insurers had not by implication waived such certificate, the plaintiff might have produced it at any time. Its admission was, at most, error without injury, because the insurers had waived the production of any preliminary proof.—20 Ala. 112.

3. The charge of the court on the doctrine of waiver was unquestionably correct. No principle of the law of insurance is better settled.—25 Wendell, 379; 9 Howard, 403; 9 Wendell, 165; 6 Cowen, 404; 6 Har. &. John. 412; 2 Wendell, 64; Angell on Insurance, §§ 244–48.

4. The authorities cited to the last preceding paragraph show the error of the charge asked and refused.

RICE, C. J.—The charge given by the court was excepted to, only "in so far as it related to the question of waiver;" and so far as it relates to that question, it is fully sustained by the authorities. In fire, as well as in marine insurance, formal defects in preliminary proof may be supplied, whenever objection to pay a loss is put upon that ground. If the underwriters mean to insist upon such a defect, "they should apprise the assured that they consider the preliminary proofs defective in that particular, or put their refusal to pay upon that ground as well as others, *so as to give the assured an opportunity to supply the defect before it could be too late;* and if they neglect to do so, their silence should be held a waiver of such defect in the preliminary proofs, so that the same shall be considered as having been duly made according to the conditions of the policy."—Angell on Ins. §§ 244, 248; Tayloe v. Merch. Fire Ins. Co., 9 How. (U. S. Sup. Ct.) Rep. 390; Allegree v. Maryland Ins. Co., 6 Harr. & Johns. Rep. 408.

The charge asked called upon the court to state to the jury, as *a conclusion of law,* that the answer of the president of the defendant corporation, in connection with the facts named in that charge, did not amount to a waiver of the certificate of the notary or magistrate. That proposition was too strong. The answer of the president was made *after certain preliminary proofs had been furnished to the*

*company*, and was *an absolute and unqualified refusal* to pay the plaintiff's claim for a loss. It did not refer in any way to the answer which had been given by the secretary of the company to the plaintiff's attorney, *before any preliminary proof had been furnished or offered*. There is nothing in the answer of the secretary, given *before any preliminary proof was attempted*, nor in any other fact stated in the charge asked, which would have authorized the court to state to the jury, *as a conclusion of law*, that the answer of the president, given *after the preliminary proofs had been furnished to the company, did not amount to* a waiver of the certificate of the notary or magistrate. The charge as asked denied to the jury even the right to *infer* a waiver from the answer of the president.—King v Pope, '28 Ala. Rep. 601.

As there was evidence tending to show a waiver of the certificate of a notary or magistrate, there was no reversible error in permitting the certificate of the notary-public, Douglass, to go to the jury with the other preliminary proof. Its tendency was to show, that if the company had put its refusal upon the non-production of such certificate, the plaintiff could have supplied the defect; and if there was any error in admitting it, it was clearly error without injury.

The bill of exceptions, so far as it relates to the receipt of Aaron J. Bates, is confused and obscure. It must be construed most strongly against the party excepting. Thus construed, we understand it as showing, that the receipt, with other evidence, was offered "to show a compliance with the preliminary proof before the company;" that when offered for that purpose, the counsel for the company objected to its introduction for any other purpose—*thereby conceding its admissibility for the only purpose for which it was offered*; and that the court overruled the objection as thus made, and that the receipt was read to the jury "as independent evidence as a receipt only for so much money," but was thus read for the single purpose of showing a compliance with the preliminary proof before the company—in other words, to show that this receipt, as well as other preliminary proof, had been laid

before the company.   We see no error in permitting the plaintiff to prove that this receipt was among the preliminary proofs furnished to the company.   And if the company had desired the court to inform the jury, that the receipt was evidence for this purpose only, and could not be regarded by them as evidence of the payment of the sum of money mentioned in it, a charge to that effect should have been asked.   No such charge was asked, and the single question raised as to the receipt is, whether the plaintiff had the right to show to the jury that he had furnished it, with his other preliminary proofs, to the company, in his effort to comply with the condition of the policy requiring preliminary proofs.   We decide that question in the affirmative.

There is no reversible error, and the judgment is affirmed.

STONE, J.—I think this case should be reversed, on that part of the affirmative charge which relates to the doctrine of waiver.   The charge asserts, in effect, that if the evidence be believed, the act of the president of the company was a waiver of all defects in the preliminary proof.   While I would feel inclined to agree with the majority of the court, if the reply of the president were all the evidence on that point;  yet I think, under the facts disclosed in this record, that inquiry should have gone to the jury.   The testimony of Allen, if believed, shows that, before the assured had submitted any preliminary proof, his attorney was notified that the company would require a compliance with the conditions of the policy, *to the very letter*.   Crandall subsequently, and before the company refused payment, made an unsuccessful attempt to procure a certificate from a magistrate near the scene of the fire ; and, I have no doubt, would have furnished the proper certificate, if he could have procured it.

Under this state of the proof, I do not think it can be assumed, as matter of law, that the declaration of the president was a refusal to pay *in any event*.   It should have been left to the jury to determine whether the refusal was an unqualified denial of liability, and therefore a waiver

of further preliminary proof.—Turley v. Nor. Amer. Fire Ins. Co., 25 Wendell, 374; Columbian Ins. Co. v. Lawrence, 2 Peters, 25; Tayloe v. Merch. Fire Insurance Co., 9 How. U. S. 360–403; Martin v. Fishing Insurance Co., 20 Pick. 389, 396; St. Louis Ins. Co. v. Kyle, 11 Missouri, 278, 290.