# Ray *v.* Fidelity-Phoenix Fire Ins. Co.

## *Assumpsit.*

### (Decided May 14, 1914.   65 South. 536.)

1. *Insurance; Notice and Proof of Loss; Waiver.*—Where the insurer positively refuses to pay the claim, assigning no reason therefor, such refusal amounts to a waiver of the notice and proof of loss.

2. *Same.*—The mere investigation of the loss by the insurer on its own account and for its own satisfaction, without more, would not constitute a waiver of the breach by the insured of the stipulations in the policy for a sworn statement of the circumstances of the loss.

3. *Same.*—Where the insurer investigated the loss on its own account and so conducted itself with relation thereto as to show a satisfaction because of the knowledge so obtained, or to induce reasonable belief in the insured that it was so satisfied and did not desire formal notice or proof of loss, such action would amount to a waiver of such notice or proof.

4. *Same; Evidence; Jury Question.*—The question of waiver by the insurer of further and formal proof of loss was for the jury under the evidence in this case.

5. *Same; Agent; Scope of Authority.*—The authority of an insurance agent so far as third persons are concerned is governed by the nature of the business entrusted to him, and his acts within the usual scope of such business towards an insured, acting in good faith and without notice that the agent's authority was limited, bind the insurer notwithstanding such limitations, since the authority of an agent as to those with whom he deals is what it reasonably appears to be.

6. *Evidence; Burden of Proof; Issues.*—Where the action was on an insurance policy and the defense is confession and avoidance on the ground of the failure of insured to furnish a statement as to cause of loss, interest in the property, etc., as required by the policy, and issue is taken thereon by general replication, and also by special replication in confession and avoidance on the ground of waiver by the insurer, the burden of proving the plea rested with the insurer, and until some evidence was offered in support of the plea the issue tendered by the special replication was immaterial.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. Curtis.

Action by G. C. Ray against the Fidelity-Phoenix Fire Insurance Company, upon a fire policy. Judg-

ment for defendant and plaintiff appeals. Reversed and remanded.

W. F. FINCH and W. L. ACUFF, for appellant.   The court erred in sustaining demurrers to replications 7 and 10, and in sustaining objections to questions tending to show that defendant had notice that the property was destroyed by fire.—*L. & L. & G. I. Co. v. Tillis*, 110 Ala. 201; 117 Am. St. Rep. 382; 116 Am. St. Rep. 75.   The court erred in admitting the mortgage and foreclosure deed.—*Mickle v. Montgomery*, 111 Ala. 415; *Standifer v. Swan*, 78 Ala. 88.   Whether or not there was a waiver of notice and proof of loss was a question for the jury.—*Syndicate I. Co. v. Catchings*, 104 Ala. 172; *Gibson v. Snow Hdw. Co.*, 94 Ala. 346; *Martin, et al. v. Brown, et al.*, 75 Ala. 442.   The test is not what power the agent really has but what was his ostensible or apparent authority.—*Ga. H. I. Co. v. Allen*, 128 Ala. 451; *U. S. L. I. Co. v. Lesser*, 126 Ala. 368.   The burden was on defendant to establish its plea, and until it did so, matters presented by special replications were immaterial.—*N. C. & St. L. Ry. v. Hinds*, 59 South. 670.

CHARLES A. CALHOUN, for appellee.   Appellant replied specially to all of defendant's pleas, and thus relieved defendant of the burden of proving his plea.—*Lucas v. Stonewall I. Co.*, 139 Ala. 488; *Lee v. DeBardelaben*, 102 Ala. 628.   Where there was evidence supporting a plea and no evidence introduced to prove the material averments of the special replications, defendant is entitled to the general affirmative charge under his pleas.—*Carroll v. Warren*, 142 Ala. 398.

SAYRE, J.—Suit by appellant against appellee, substantially in Code form, on a policy of fire insurance is-

[Ray v. Fidelity-Phoenix Fire Ins. Co.]

sued to appellant. Defendant pleaded, inter alia, plea 4, that plaintiff had failed to make and render to it, within 60 days after the fire, a signed and sworn statement showing his knowledge and belief as to the time and origin of the fire, his interest and that of all others in the property, and any changes in the title, etc., of the property since the issuance of the policy, as required by the terms thereof. Plaintiff replied, under a caption which showed that all replications were addressed severally and separately to each plea then on file, by the general replication denying the facts alleged in the pleas and by special replications setting up waivers of the various breaches of the stipulations of the policy alleged in the special pleas. The facts alleged in two of the special replications which need to be noticed were these, in short: Replication 7, that before the expiration of the time for making proof of loss the defendant positively declined and refused to pay the damages claimed, and thereby waived compliance with that stipulation; replication 9, that defendant sent its adjuster, who had authority to bind defendant, to investigate the loss, and said adjuster, after being fully informed of all conditions touching defendant's liability under the policy, informed plaintiff that defendant was not liable.

Demurrer to the replication numbered 7 was sustained. No argument is made in behalf of this ruling, and no reason occurs to us why this replication was not a good reply to plea 4. A refusal to pay made in the circumstances alleged in this replication, though no reason therefor be assigned, amounts to a waiver of the notice and proof of loss.—*Firemen's Ins. Co. v. Chandall,* 33 Ala. 9; 4 Cooley's Briefs, 3535.

Defendant's objection was sustained when plaintiff, to support the averments of replications 7 and 9, pro-

pounded a question calculated to elicit the fact that an agent of defendant had denied liability, and in the end the court gave the general charge for defendant. Appellee, without admitting error as to replication 7, would avoid the effect of the ruling as to it in any event, and would justify the other rulings stated above on the the grounds that plaintiff's special replications in confession and avoidance of the plea relieved defendant of the burden of proving its plea, and that one plea proved, or taken as proved, rulings as to other issues the parties attempted to make are of no consequence on appeal, and further, and as part and parcel of its theory of the case, that the agent of defendant, whose denial of defendant's liability plaintiff offered to prove, was not shown to have authority to bind his company by a waiver.

Where a plaintiff replies to a special plea in confession and avoidance by a special replication in confession and avoidance without denying the facts of the plea, the defendant is not required to offer evidence in support of the plea; but where plaintiff takes issue upon the plea by the general replication, as did plaintiff in this case, and replies at the same time by a special replication in confession and avoidance, as he may do and as plaintiff did in this case, the burden of proving the plea remains with defendant, and until some evidence is offered in its support the issue tendered by the special replication is immaterial. This is the clear result of our cases.—*Lee v. DeBardelaben Co.*, 102 Ala. 628, 15 South. 270; *Lucas v. Stonewall Ins. Co.*, 139 Ala. 487, 36 South. 40; *Carroll v. Warren*, 142 Ala. 397, 37 South. 687; *Ferdon v. Dickens*, 161 Ala. 181, 49 South. 888.

As to the evidence: It appeared without dispute that shortly after plaintiff's property was destroyed, after

defendant had notice of the loss, and well within the time limited by the policy for formal proof of loss, an agent of defendant went by defendant's direction to the scene and there made an investigation of the circumstances of the loss.   Evidence for defendant went to show that this agent had no authority except to investigate and report.   Plaintiff's testimony did not tend to show that this agent assumed or undertook to negotiate a settlement on any terms whatever, but it did go to show that he made an investigation during the course of which he had conversation with plaintiff concerning the loss, and plaintiff offered to prove that he denied defendant's liability under the policy.   And subsequently, and still within the time limited by the policy for sworn proof of loss, plaintiff on two ocacsions wrote to defendant, first to its Atlanta office, and then to its home office in New York, demanding to be informed of its intention in respect to payment of the loss.   To these communications defendant paid no attention.

Defendant's mere investigation of the loss on its own account and for its own satisfaction, without more, would not constitute a waiver of plaintiff's breach of the stipulation for a sworn statement of the circumstances of the loss to be made by plaintiff.   And it may be assumed that this agent's express authority was limited to the mere making of an investigation and a report of the result.   But plaintiff had no notice of that limitation, and this agent's authority as to third persons was governed by the nature of the business intrusted to him.   His acts, within the usual scope of the business intrusted in such agents, provided plaintiff acted in good faith and was not guilty of negligence, bound his principal despite his private instructions, for the authority of an agent, as to those with whom he deals, is what it reasonably appears to be.—*Syndicate Insur-*

*ance Co. v. Catchings,* 104 Ala. 176, 16 South. 46. This agent had not the full express authority of an adjuster, but he had authority to investigate, which is an important part of adjustment, and if, at the end of his investigation, the report of which plaintiff might reasonably presume would control defendant's course in respect to payment of the loss, this agent assumed to announce defendant's determination not to pay, or a judgment of equivalent import, and then the defendant ignored plaintiff's repeated appeals for information as to its intention, all well within the period of the stipulation for a sworn statement, we think it became a question for the jury whether, so far as plaintiff was concerned, this agent was acting within the apparent scope of his authority in denying his principal's liability, whether, in short, that denial operated as a waiver of further and more formal proof of loss. This, we think, is the fair result of our cases.—*Capital City Ins. Co. v. Caldwell,* 95 Ala. 77, 10 South. 355; *Syndicate Ins. Co. v. Catchings, supra; U. S. Life Ins. Co. v. Lesser,* 126 Ala. 568, 28 South. 646; *Georgia Home Insurance Co. v. Allen,* 128 Ala. 451, 30 South. 537. In Cooley's Briefs the principle is stated with reference to an implied denial of liability in this language:

"If the company investigates the loss on its own account, and so conducts itself with relation thereto as to show a satisfaction with the knowledge thus obtained, or to induce reasonable belief in insured that it is so satisfied, and does not desire formal notice or proofs, it will amount to a waiver of such formalities."—Volume 4, p. 3526.

The case in favor of waiver here is made stronger by proof of the agent's express denial under the circumstances we have stated above. We hold, therefore, that plaintiff should have had an answer to his question con-

cerning the agent's denial of liability, as relevant to the issues made by plea 4 and special replications 7 and 9, and that, if the answer sought had been favorable to plaintiff's contention, it should have been submitted to the jury to say whether defendant waived compliance with the requirement of the policy.

Other issues were litigated at the trial, but this appeal turns upon the points of which we have written. Without undertaking to pass upon the general merit of plaintiff's case, that being a question proper for submission to a jury, in the first place at least, as involving conflicting tendencies of the evidence, our conclusion is that there must be a reversal for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.