2 So.2d 435

### HOME INS. CO. OF NEW YORK v. TUMLIN.

### 6 Div. 819.

Supreme Court of Alabama.
March 20, 1941.

Rehearing Granted April 24, 1941.

Further Rehearing Denied June 5, 1941.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellee.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

THOMAS, Justice.

The appellee filed his complaint in code form claiming the amount due for repairs to his automobile on a policy of insurance issued by appellant, insuring the car against loss or injury by collision. The case was submitted to the jury and a ver-

dict was rendered in favor of appellee and against appellant. There was a motion for a new trial, which was duly overruled and exception reserved.

Appellant sets up as defense to the action based on the policy in question that plaintiff was not entitled to recover in the absence of the Universal Credit Company, the payee named in the policy; or that the plaintiff was not entitled to recover without proof that the interest of the credit company had been discharged in full. Home Ins. Co. of New York v. Scharnagel, 227 Ala. 60, 148 So. 596. The questions now presented of the right of plaintiff to recover on the policy were raised by objection to the introduction of the policy in evidence, as presenting a variance and by the request for the general affirmative charge requested in writing by the Home Insurance Company of New York, the payor in the policy.

The policy of insurance on which the suit was brought contains the following unequivocal provision as to the payee and the liability of the payor:

"Name of Purchaser Assured. James S. Tumlin

Address of Purchaser Guntersville Dam, Ala., Marshall County and Universal Credit Company. Loss, if any, to be adjusted with the purchaser assured, though to be paid, subject to all the conditions of this insurance only to the Universal Credit Company for the account of all interests."

It is apparent from the foregoing that James S. Tumlin and the Universal Credit Company are co-assureds under the policy and bound thereby. The specific and unequivocal provisions of that contract are that all payments for loss must be adjusted with the purchaser (Tumlin) and paid by the insurance company (the Home Ins. Co. of N. Y.) only to the Universal Credit Company for the account of all interests.

On the trial of the cause it developed that appellee purchased an automobile on credit which was financed by the Universal Credit Company procuring and furnishing the policy here declared on. In common parlance, the credit company effected the loan to and for appellee and took security on the car and the insurance declared on. Counsel refers to the particular clause set out above as a "loss payable clause." It is necessary to carefully consider it under the decisions and it is given greater significance as affecting the right of a suit for recovery under such tripartite contract of insurance. The decisions touching the right of suit by mortgagor and mortgagee have been adverted to and are produced below. This present contract is of different import.

In the case of Capital City Ins. Co., v. Jones, 128 Ala. 361, 30 So. 674, 675, 86 Am.St.Rep. 152, in considering the rights of a mortgagee and a mortgagor under a policy of insurance with a loss payable clause to the mortgagee as its interest may appear, the court said: "If the amount due upon the mortgage was equal to or exceeded the loss under the policy of insurance, the National Building and Loan Association [mortgagee], or its assignee, being the exclusive beneficial owner of the whole money due by defendant, is the only person entitled to recover it. After the loss became fixed, 'the policy was nothing other than a contract for the payment of money.' * * * So, in this case, we hold that the plaintiff can maintain this suit for the balance, if any, of the loss, after deducting the amount due upon the mortgage at the time of the loss. This is the promise of the defendant, and there is no good reason why it should not be enforced as made. Palmer Savings Bank v. Ins. Co., 166 Mass. 189, 44 N.E. 211, 32 L.R.A. 615, 55 Am.St.Rep. 387. This, of course, imposes the burden upon the plaintiff of showing there was a balance after paying the mortgage, and the amount of such balance."

In Ætna Ins. Co. v. Koonce, 233 Ala. 265, 266, 171 So. 269, 270, the holding in the foregoing case is quoted with approval, stating that: "The liability became fixed as of the date of the loss; that, if the mortgage debt then covered the whole loss, the sole right of action was in the mortgagee, but, if the mortgagee's interest covered only a part of the loss, he could sue therefor as a beneficial owner of the policy. In either event the mortgagee must aver and prove the amount of the mortgage debt as of the date of the loss. This has become the established rule in Alabama."

Many of our later cases on this point are cited with approval in the Koonce case, supra.

In the case of Union Ins. Soc. v. Sudduth et al., 212 Ala. 649, 103 So. 845,

the court pointed out that a loss payable clause in a policy gives such named payee the superior right to recover, to the extent of his or her interest shown to the court, and the assured can only recover any balance in excess. Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am. St.Rep. 152; Taber v. Royal Ins. Co., 124 Ala. 681, 26 So. 252; Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180; Home Ins. Co. v. Scharnagel, 227 Ala. 60, 148 So. 596; Gunn v. Palatine Ins. Co., Ltd., 227 Ala. 245, 149 So. 672.

The contention of appellant is that under the terms of the policy the Universal Credit Company has the exclusive right to maintain an action on the policy and any party with an interest therein bringing suit thereon other than the Universal Credit Company must show that the amount due the Credit Company on the mortgage indebtedness has been paid or satisfied in full and that "such complainant has the beneficial interest therein."

██ If appellee was entitled to recover for the whole amount of insurance, the burden was upon him to show a loss, the amount due under the policy, and that the contract of indebtedness as to such matter, due the credit company, had been theretofore satisfied in full. This results from the absence of the credit company as a party to the suit.

It is shown by the evidence that after the loss occurred, there was a balance due on the contract indebtedness for the car to the credit company of $410, and that after the damage had occurred the car was repossessed (not being repaired) by the Universal Credit Company.

Appellee's contention as to this is that the repossessed car was evidence of full satisfaction of the indebtedness theretofore existing; while at the same time he contended that the car was not worth more than $50 after the collision. Further he presents no receipt of full settlement for the claim of the credit company nor does his evidence show a satisfaction of that company's claim or lien.

On this evidence the trial court held, under the scintilla rule that obtains, that the evidence was sufficient to warrant the jury in determining the value of the car at the time it was repossessed, and to ascertain if the repossession satisfied the mortgage indebtedness.

It results from this condition of the record and bill of exceptions that these issues were submitted to the jury for determination of issues of fact touching the rights of the Universal Credit Company, and that company not being a party to the suit. Hence there was error in failing to grant the general affirmative charge requested in writing by the appellant.

██ And it is held that where a policy of insurance provides that the insurer's liability for loss or damage to the property insured shall not exceed "what it would cost to repair or replace the automobile or parts thereof with others of like kind and quality" the insured is entitled to recover only the cost of such repairs or replacements. Such a provision will be construed as a limitation of the insurer's liability and the test or measure of damages which insured is entitled to recover. Spivy-Johnson Portrait Co. v. Belt Automobile Indemnity Assn., 210 Ala. 681, 99 So. 80.

The Home Insurance Company was liable under the contract terms of its policy to the parties in interest, and the Universal Credit Company was also an interested party in the ascertainment of the respective rights of the parties as purchasers and as co-purchasers. In this state of the record a judgment res adjudicata could not be rendered which would assure the payment of the amount due under the policy to the parties entitled thereto. The suit was rested upon the averment that the plaintiff was the owner of the policy. The burden was on the plaintiff to show that he was such sole owner of the policy and having failed as to his proof in this behalf, defendant was entitled to the general affirmative charge duly requested. For this error of the trial court, in refusing such affirmative charge, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., BROWN and FOSTER, JJ., concur.

## On Rehearing.

THOMAS, Justice.

As showing further the necessity for The Universal Credit Company as a party to this suit, we quote the following endorsement on the policy of insurance:

"Reducing Insurance Clause (102A)

Insurance Limited to Unpaid Balance
Less Delinquent Installments

D—F M. P. 1A Notice No. DEA 50319–249
Broderick

Effective from 11–2–38

Incorporated
Insurance

"Chicago General Agents San Francisco
New York Detroit Washington

"It is a part of the consideration of this notice and the basis upon which the rate of premium is fixed that this Company's liability is limited to the amount due the Universal Credit Company which is a named Assured, for its own account and/or for the account of any assignee of said Named Assured, on automobiles RPI—6.51 financed by the said Named Assured for Retail Purchasers under legally· enforcible Conditional Sale, Mortgage, or Lien agreements, excluding delinquent installments, or the actual Cash value of the automobile at the time of loss or damage, whichever be less.

"Other insurance permitted. This insurance is in excess of any other insurance which would cover if this insurance had not been effected

| ISSUED TO | | |
|---|---|---|
| James S. Tumlin | | All other terms and conditions remain unchanged |
| Guntersville Dam Ala. | | The Home Insurance Company New York |
| 11–2 | | |

DEF 3047
Rev.
5M–8–38

Automobile Department."

The evidence shows that plaintiff was advised of this endorsement or limitation on the policy by the evidence of Maxine Tubbs, Elizabeth Bozigan and Robert Parks. This fact was denied by plaintiff saying, "No sir. I have never seen that paper, that little hickey there," referring to the limitation endorsement on the policy set out above.

The evidence of the plaintiff was that he was a machinist and knew the value of second hand cars and contracted to pay $630 for the car in question, gave notes for deferred payments at $25 per month. paid two installments of· $25 each and one for $17 and traded in his old car for $350. The witness further testified that the Universal Credit Company sent him a book in which to list his payments and that the three payments he made were remitted to their Decatur office. He further testified that the motor was burned beyond repair and that the Green Motor Company made an estimate of repairs that would cost $167; that whether or not the figure of $460 is the amount of the mortgage due the credit company, he couldn't tell but he supposed he was to pay for a policy with a $50 deductible clause but when the policy came it contained a hundred dollar deductible clause; that he took it back to the purchasers and was going to get it straightened out but he didn't seem to have done it. In answer to the question. "Is that what ·The Universal Credit Company mailed you together with the little book that says you owe us," the witness answered, "I don't think they came together, I think that came from The Home Insurance Co." As to whether or not they came from The Home Insurance Company, witness answered, "They told me that was the policy I had paid for."

It is thus apparent that the witness had the policy declared on with the endorsement set out above.

We have stated above that plaintiff was a machinist, and in his examination as a witness in his own behalf was asked and answered as follows:

"Now did you see the car after the motor had been—I answer, Yes, sir. I did see the car immediately after the accident,

after they called me over to the Green Motor Company. As to the condition of the motor, it was completely burned up. Yes, sir, I do know the reasonable market value in this community of a car with a burned out motor, in the condition I saw it in, after this accident, when I looked at it at Green's. Yes, sir, in its damaged condition.

"At this point the following proceedings were had:

"Q. What was it?

"At this point counsel for the defendant objected to the question on the grounds that he is not qualified to testify to the reasonable market value of the car. The Court overruled the objection and the defendant then and there duly reserved an exception.

"The witness answered: Fifty Dollars."

It is apparent that the judgment in behalf of plaintiff for $367, in the absence of the Universal Credit Company, would be depriving that company of its property without a hearing on the facts.

In the case of Home Ins. Co. of New York v. Scharnagel, 227 Ala. 60, 64, 148 So. 596, 600, the policy was in like form as that here declared on and the court said:

"The question recurs: Did the trial court err in rendering final judgment for plaintiff? It is true the policy was made payable to Universal Credit Company for the account of all interests. This question of the right of plaintiff to maintain suit in his own name was not presented on the trial.

"The evidence shows that Universal Credit Company has been paid, and thereafter the owner, Scharnagel, is the party at interest, the insurance being payable to Universal Credit Company for the account of all interests. After the loss is fixed, suit may be maintained in the name of such beneficial owner. * * *"

It is thus clear that in the Scharnagel case, supra, it was specifically indicated that the right of plaintiff (Scharnagel) to maintain a suit in his own name, in the absence of Universal Credit Company, "was not presented on the trial." The writer of that opinion was careful to note for the court that the question of absence of a necessary party was not raised, and that the evidence showed Universal Credit Company had been paid and that in such state of the record and evidence Scharnagel was the party at interest. There is

no inconsistency in the opinion originally rendered in this case and the decision in the Scharnagel case, supra.

The pleadings in behalf of the plaintiff are in short by consent. The defendant could not protect itself from a double liability under the interpleader statute, Section 10386, Code of 1923, Code 1940, Tit. 7, § 1179. That statute was not available to this insurance company, denying as it did liability on the grounds that the damage to the instant car was not a loss covered under the provisions of the policy declared on. The provisions of the afore-cited statute require that the insurance company to forego this defense, which was a bar of recovery, "deposit the money in court, praying an order that such person be required, on notice, to come in and defend." Code of 1923, § 10386. The Home Insurance Company of New York was not willing to waive this right as against the plaintiff Tumlin on the one hand and the Universal Credit Company on the other.

There is yet another reason why the application for rehearing should be overruled. The clause in the policy designated "Peril A-(1)" reads, as follows:

"Peril A-(1) Comprehensive—Including (2) Deductible Collision or Upset

"Any loss of or damage to the automobile and the equipment usually attached thereto subject however to the Exclusions stated on Page 8, except that as respects loss caused by Collision with any other object or by Upset, the sum of $100.00 shall be deducted from the amount of each such loss when determined. 21.53 24.50."

The trial court in the oral charge submitted this material issue of fact to the jury, in the absence of such necessary party, the Universal Credit Company. This question or issue of fact was raised by the exception to rulings on evidence on introduction of the policy, on the refusal of the general charge and on the motion for a new trial, which was denied to appellant insurance corporation.

In common parlance, the above clause means that, the first one hundred dollars of damage must be taken care of by the insured, and the insurance company is liable for excess over and above the first one hundred dollars of damage.

Thus no account was taken in the trial of the last cited provision of the policy declared on, or of the provisions of the exhibit (endorsement on the policy) herein-

above set out, and to which the plaintiff referred in his testimony as "a hickey," which he denied receiving, while admitting he received two documents as to insurance and the payment on the contract of purchase of the car.

From the foregoing, it appears to the writer that the application for rehearing should be overruled.

■ However, the majority of the court are of the opinion that the application for rehearing should be granted on authority of Home Ins. Co. of New York v. Scharnagel, 227 Ala. 60, 64, 148 So. 596. It is so ordered.

Application for rehearing granted.

GARDNER, C. J., and BOULDIN, BROWN, FOSTER, and LIVINGSTON, JJ., concur.

KNIGHT, J., not sitting.

THOMAS, J., dissenting as indicated in foregoing opinion.