OPINION
Plaintiff-appellant, J.R. Kent, appeals the decision of the Butler County Common Pleas Court that granted the Civ.R. 12(B)(6) motion to dismiss filed by appellee, Cincinnati Casualty Company ("insurer"). For the reasons outlined below, we affirm the decision of the trial court.
Appellant, an Alabama resident, insured his motor vehicle in Alabama through insurer. There is apparently no dispute that this policy was in full force and effect when the subject vehicle was damaged in a covered event. Insurer chose to utilize the option to repair the vehicle as delineated in the insurance policy and paid $13,500 in repairs on the vehicle.
Appellant filed an amended complaint against insurer alleging that his vehicle could not be repaired to its pre-loss condition and that insurer was obligated to pay appellant for the diminished market value of his vehicle.[1]
Appellant alleges in his complaint that his vehicle had an estimated fair market value of $23,500 before the collision and an estimated market value of $15,500 after it was repaired. Appellant states in his complaint that the damage to his vehicle was such that it could not be restored to its pre-loss condition. Appellant does not allege any form of inadequate, incomplete, or negligent repair in his complaint.
Insurer filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), alleging that the plain language of the insurance policy and Alabama law did not provide a recovery for diminished market value.[2]
The trial court granted insurer's motion to dismiss. Appellant appeals the trial court's decision and raises two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING CINCINNATI CASUALTY'S MOTION TO DISMISS KENT'S CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO STATE A CLAIM.
A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548. In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted and all reasonable inferences must also be drawn in favor of the nonmoving party. Id. Before the trial court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.Id.
Appellate review of a ruling on such a motion to dismiss presents a question of law and requires a de novo standard of review. Schiavoni v.Steel City Corp. (1999), 133 Ohio App.3d 314, 317.
Appellant has pointed out the following provisions of his insurance policy for the court's consideration:
 The Insuring Agreement under Part D of the policy states in part that: `We will pay for direct and accidental loss to your covered auto, including its equipment, minus any applicable deductible shown in the Declarations.'
The Limit of Liability section states in part that:
 Our limit of liability for loss will be the lesser of the:
 1. Actual cash value of the stolen or damaged property;
 2. Amount necessary to repair or replace the property; or
3. Stated amount shown in Declarations.
The applicable Declarations page states under the Limit of Liability that coverage to the policyholder's auto for collision has a $500 deductible.
The trial court relied upon the Alabama Supreme Court decision of HomeIns. Co. of New York v. Tumlin (1941), 241 Ala. 356, 2 So.2d 435, in making its decision on the Civ.R. 12(B)(6) motion. The trial court stated that, "The Alabama Supreme Court determined that limitation of liability provisions, such as this one, will be construed as `the test or measure of damages which an insured is entitled to recover.' [Citation omitted.] In Tumlin, the court specifically held that where an insurer's liability is limited to `what it would cost to repair or replace the automobile or parts thereof with others of like kind and quality,' the insured is entitled to recover only the cost of such repairs or replacement."
Appellant contests the trial court's reliance on Tumlin. While we also sought a case more directly on point, we cannot simply ignore Tumlin. The Alabama Supreme Court has apparently not overruled or distinguishedTumlin, and the insurer refers the court to two recent Alabama Circuit Court cases dealing with repairs that cited the same Tumlin language upon which the trial court relied. See Sahagun v. Allstate Ins. Co. (Ala. Circuit Ct., August 15, 2001), No. CV2000-520R; Pritchett v. State FarmMutual Auto. Ins. Co. (Ala. Circuit Ct., March 28, 2001), No. CV-00-49M (summary judgment granted against plaintiffs who sought diminished value recovery on their vehicles simply because they had been in accidents).
Upon our review of the motion to dismiss, we must look to the complaint to see if appellant has stated a cause of action. Appellant asserted in his complaint that the insured breached the insurance contract by not paying for the direct loss of the policyholders when it failed to pay for the diminished market value of the vehicle.[3]
However, appellant argues in his assignment of error that the trial court erred in failing to find that the insurance contract language was ambiguous. Specifically, appellant asserts that the terms "loss" and "repair" are not defined in the contract and are therefore ambiguous, and that the policy does not deal with the situation in which the insurer selects the repair option when the damage to the vehicle was such that it could not be repaired.
We have carefully reviewed the cases from Alabama and the numerous cases from foreign states that were cited by both parties. In Alabama, insurance companies and their insureds are free to agree to any terms in a contract so long as they do not offend some rule of law or contravene public policy. State Farm Fire Cas. Co. v. Slade (Ala. 1999),747 So.2d 293, 313. Alabama courts have a long-standing rule against rewriting unambiguous policy language as long as the policies do not offend some rule of law or contravene public policy. Id. at 314. The policy on its face does not contain express language providing for diminished market value recovery.
Assuming, arguendo, that this court would find that certain terms of the insurance contract are ambiguous, and as such would construe such alleged ambiguity against the insurer, we can find no Alabama authority to read diminished market value recovery into this insurance contract. Nor can we find any Alabama authority that appellant should be entitled to diminished market value on this contract pursuant to Alabama public policy. Regardless of whether a court found the language of this policy ambiguous or unambiguous, we are simply unable to find that Alabama law would permit this court to interpose in this insurance contract a recovery for diminished market value.
Appellant argues that his complaint adequately stated a cause of action for breach of contract to survive the insurer's motion to dismiss. To establish that a breach of contract has occurred, appellant must prove the existence of a valid contract, appellant's performance, the insurer's nonperformance, and damages. Employees' Benefit Assn. v. Grissett (Ala. 1998), 732 So.2d 968, 975. Appellant alleged in the complaint that the insurer's nonperformance was failing to pay for the direct and accidental loss to his vehicle when the insurer did not pay for the diminished market value of the vehicle.
Since we can find no provision under this insurance contract and no Alabama law that recognizes such recovery for diminished market value, appellant cannot show as a matter of law the insurer's nonperformance on the contract as appellant has pled. Appellant has failed to state a claim upon which relief can be granted for breach of contract for diminished market value. The trial court did not err by granting the Civ.R. 12(B)(6) motion as to the issue of breach of contract. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING CINCINNATI CASUALTY'S MOTION TO DISMISS KENT'S CLAIM FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR FAILURE TO STATE A CLAIM.
Appellant argues that the trial court erred when it failed to address his claim for declaratory relief. A court can dismiss a declaratory judgment action under Civ.R. 12(B)(6) for only two reasons: (1) where there is no real controversy or justiciable issue between the parties, or (2) when the declaratory judgment will not terminate the uncertainty or controversy. McConnell v. Hunt Sports Ent. (1999), 132 Ohio App.3d 657,681.
The trial court determined that appellant had failed to state a claim upon which relief could be granted in his complaint for diminished market value. We found in the first assignment of error that the trial court did not err, and that appellant had failed to state a claim upon which relief could be granted in his complaint for breach of contract for diminished market value. There is no justiciable issue presented on diminished market value in this Alabama contract and the request for declaratory judgment and injunctive relief was properly dismissed. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Appellant filed a complaint against Cincinnati Casualty and two additional insurance companies that are purportedly subsidiaries of the same corporation. Appellant filed his complaint seeking class action status under Civ.R. 23 for other policyholders. Appellant does not appeal the trial court's dismissal of the other two insurance companies, nor does the appeal raise issues concerning the proposed class action.
[2] For purposes of this appeal, the parties do not contest that Alabama law is the applicable law pursuant to the insurance policy.
[3] Appellant also asserted additional claims involving the insurer's failure to pay diminished market value, but they are not part of this appeal.